**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5202**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LUIS ALBERTO MEJIA-HERNANDEZ, a/k/a Luis Mejia, a/k/a Luis
Mejia-Hernandez, a/k/a Jaime Pineda-Hernandez, a/k/a Jaime
Pineda, a/k/a Chaparo, a/k/a Jose,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:09-cr-01175-JFA-2)

Submitted:  August 14, 2012      Decided:  August 22, 2012

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph N. Connell, THE CONNELL LAW FIRM, LLC, Lugoff, South
Carolina, for Appellant.  Stacey Denise Haynes, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alberto Mejia-Hernandez pled guilty to one count each of conspiracy to possess with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 846 (2006), and improper reentry of an illegal alien, in violation of 8 U.S.C. § 1325 (2006), and was sentenced to sixty months in prison. Mejia-Hernandez's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as a possible issue for review whether Mejia-Hernandez was properly sentenced to the statutory mandatory minimum sentence for his narcotics offense. Mejia-Hernandez was informed of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a responsive brief. Finding no error, we affirm.

Because Mejia-Hernandez did not object to the Guidelines range calculation in his presentence investigation report, argue for a sentence different from the one imposed, or challenge the adequacy of the district court's explanation of its sentencing decision, we review his sentence for plain error. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). Our review of the record reveals no procedural error in the district court's determination of Mejia-Hernandez's sentence. The district court adopted the proper Guidelines range

calculation for Mejia-Hernandez's convictions, properly considered the factors listed in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012), and appropriately explained Mejia-Hernandez's sentence in light of this consideration.

We next consider the substantive reasonableness of the sentence, taking into account the "totality of the circumstances, including the extent of any variance from the Guidelines range." Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, the Government has not moved for a departure from the Guidelines range due to the defendant's substantial assistance, the district court lacks discretion to impose a sentence below the statutory minimum. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Moreover, the imposition of a statutory mandatory minimum sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). In Mejia-Hernandez's case, his sixty-month sentence was the minimum sentence required by statute for the narcotics offense. See 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B), 846 (West 1999 & Supp. 2012). Accordingly, we find that the sentence was substantively reasonable and conclude that the district court committed no reversible error in its imposition.[*]

---

[*] To the extent that Mejia-Hernandez attempts to raise an ineffective assistance of counsel claim based on his summary allegation that "he felt his attorney had 'promised' him a (Continued)

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mejia-Hernandez, in writing, of the right to petition the Supreme Court of the United States for further review. If Mejia-Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mejia-Hernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

three-year sentence as opposed to the five year sentence[,]" we find that ineffective assistance does not conclusively appear on the record. <u>See</u> <u>United States v. Benton</u>, 523 F.3d 424, 435 (4th Cir. 2008) (holding that an ineffective assistance of counsel claim is not cognizable on direct appeal "unless it conclusively appears from the record that defense counsel did not provide effective representation") (internal citation omitted). Although we note that an ineffective assistance of counsel claim should generally be raised by a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2012), we intimate no view as to the validity or lack of validity of such a claim.

4